Thank you, Your Honor. Ray Cardozo for Appellant Plernolife. I'd like to reserve three minutes for rebuttal. The District Court's dismissal is irreconcilable with this Court's settled precedents involving the competitive injury and consumer deception elements of the Lanham Act claim. And I can drive this home by pointing to four points in particular that come out of that established by the allegations of the operative complaint. First of all, if you look at excerpts of Record 76, paragraph 53, the defendant was not a player in this market at all, had no presence at all, until it began this campaign of false marketing. Next, at paragraphs 58 through 74, beginning on ER 76 of the operative complaint, all of the falsehoods in this marketing campaign are spelled out in copious detail, and they leave no doubt that if consumers understood the truth, without those lies, no one would have bought a single product. If anyone understood that what was being peddled here is just a common green tree extract that has absolutely no increased blood flow qualities, no one would pay eight times the price of a common green tree extract as was charged. So every single sale of this product was taken away from a lawful market actor. The third thing that is well detailed in the operative complaint is thermal life is perhaps the most significant other player in this market. If anyone is likely to be injured by this false advertising, it is thermal life. And if you and pointed out that virtually any sale of an amino acid nitrate is either going to contain a thermal life ingredient, so it loses money when that nitrate is not sold, or that nitrate licensed thermal life's product. So every time Compound Solution sold its falsely peddled product and took away a sale from any amino acid nitrate, that's an injury to thermal life. The fourth point that makes the sufficiency of the pleading crystal clear and absolutely conclusive are the detailed allegations that in the marketplace, consumers were actually comparing the product and actually making decisions that were surely influenced by this false advertising. If you look at paragraph 54 of the operative complaint, thermal life alleges how one of its most significant customers came to it and told thermal life it is going to switch. I go back to my point earlier, no one would have made that switch. No one would even be thinking about it if it weren't for the false advertising. So we've got a specific... Counselor, I have a question if you don't mind. Sure. If the falsity of the advertising by Compound was so clear, so obvious, why couldn't you allege that they knew it was false? We did allege that, Your Honor. The only thing... Well, Judge McNamee dismissed that claim, the claim for false advertising, saying that you didn't allege and prove knowledge, intent to deceive. Judge Hawkins, I think your intent to deceive is not an element of the Lanham Act case, but is a false marking. I'm focusing just on false advertising. Yes, I believe he found insufficiency of allegation of intent to deceive for false marking, but he did not find that because I don't believe that's an element of false advertising. And the reason why... My question is focused on, in my listing of these, the first claim, which I understand to be false advertising. And your client did allege that Compound should have known, but Judge McNamee found it insufficient because you did not allege and offer to prove that they knew it was false. So, Your Honor, there's two problems with that finding. But again, I want to be clear that I believe that applies to the false marking claim and not the Lanham Act claim. The elements of the Lanham Act claim are set forth in this court's new Cal Industries case, and they don't include that. But in any event, here's what's wrong with the finding that it alleged. Rule 9B clearly alleges that scienter intent may be alleged generally. And there was an allegation that a sophisticated business like this surely knows what's in its product and intentionally deceived. And if this court, if you look back at this court's en banc decision in the Glenn Fed Securities case, it said very clearly that that's all you need to do, because Rule 9B explicitly says you don't need to. That piece of the equation, what they knew, what they relied on, how they came about, that's all within the defendant's knowledge. As long as you detail specifically all the who, what, when, and where of the fraud, which was done here, precisely what they said, why it was false, all of those things, then scienter can be in Rule 9B, that you must plead with particularity the facts of the fraud, but not the state of mind of the defendant. It's been settled in both the en banc decision in Glenn Fed. It's been settled law in this circuit for 25 years. And another example, this court reiterated this point in the Cooper v. Pickett case, that you do not need to plead anything more than what was pled in this case to establish intent to deceive, which, again, I believe is only an element of the false marking claim and is not an element. I think you've answered my question. Don't let me defer you from using your time. No, no, thank you, Your Honor. It was an important point and on my list of points I wanted to get to. Counsel, can I ask a question on the false advertising claim? Of course. Do you need that presumption that was set forth in TrafficSchool.com in order to meet your of the necessity of pleading the injury element of the false advertising claim? We absolutely don't, because in this case, if you look at the allegations in paragraph 54, 113, and 124 of the complaint, you have specific allegations of actual lost sales and actual consumer deception. You don't even need a presumption of injury in this case. This complaint so easily meets the test. But, of course, Traffic School is settled precedent that we didn't even need to do that. That presumption of injury applied when you have direct competition, which the district court found, and when you have allegations that are likely to mislead, which you clearly have here. You have the detailed allegations that no one would have bought any of these products. So the presumption of injury is, I would think of that as gravy, Your Honor. It's clear on this court's precedent that this case shouldn't have been dismissed because the presumption of injury alone would have sufficed. But the thing that's particularly galling is the complaint included those additional specific allegations that aren't required that establish injury without any presumption. Unless the court has any questions, I would like to hear from you, Mr. Silverman. I'm sorry about that. Can you hear me? Yes. Yes. Good afternoon. May it please the court, Dan Silverman on behalf of Apelli Compound Solutions. I want to start by addressing first the false marking claim because toward the end of the counsel's argument, he was asked about the presumption of injury. And of course, as a matter of law, I'm clear of precedent that there is no presumption of injury for false marking. And that's because there's both federal authority as well as authority within this district that specifically holds the presumption of competitive injury does not apply to false marking claims. That's the RB rubber products case and the U.S. rubber recycling case. So as a matter of as a matter of established law, there is no presumption of injury. Secondarily, with respect to the false marking claim, not only that there's no presumption of injury, but as the district court held, there was there is no evidence or facts plaid of competitive injury, none whatsoever. Counselor, how can you say that there's no presumption of injury with traffic school dot com? I think it says explicitly that. Well, I'll address traffic school, but traffic school addresses a line in that claim. It does not address false patent marking. And with respect, yeah, there's a distinction in the law between in traffic school makes is clear. And the other authority I cited makes clear that there's a difference in terms of presumption. If you have direct competition, false marking versus four line in that. But with respect to the line. And so and secondarily, there is what I thought the false advertising claim isn't a land on that claim. It is. I'm talking about false patent marking. Those are separate. Yeah, I know. I'm moving to false advertising. Yeah. So in terms of the land on that claim, the there is no presumption of injury for a variety of reasons. Under traffic school, there is substantial, substantially different facts in this case versus traffic school and competitors. Well, the district court held that that's an easy question. That's an easy question to answer. Yes or no. It doesn't hurt or help you either way. But it is a fact that you're direct competitors in this market, isn't it? Court held that while there was a plausible allegation made of direct competition. But the next step, if there is direct competition, the traffic school court held that there is no presumption of injury unless one, you have direct competition and two, you have evidence of consumer deception. Specifically, the example they primarily used was survey evidence. And doesn't their doesn't their complaint, for example, allege that your two products are displayed side by side in health food stores? Right. Yes, your honor. And that's why the district court held that said while that was attenuated, that was enough to to have them plead a plausible inference of direct competition. But they have to do a lot more than plead direct competition. Under Atlanta, that claim, while the traffic school court held that that that that was scored for it held that direct competition that the presumption of injury is generally presumed when defendant and plaintiff are direct competitors and defendants misrepresentations have a tendency to deceive consumers. The didn't the complaint allege that potential purchasers, even prior purchasers of the thermal like product came to the company and said, hey, I found this other stuff put out by compound and I'm going to have to go with them. Doesn't that lead in the complaint? No, in fact, no, they've not. The only thing they've alleged is two things. One, that there was one customer that was considering switching. That's obvious. They didn't switch. So that's not evidence of of any lost sales. And the only other one that they demonstrated or that they said was a change. Somebody changed from a thermal like ingredient to a vaso six. The compound solutions ingredient was after the complaint was filed. And you can't retroactively establish standing. And the district court held that you cannot retroactively establish standing. And there's several. So why is that a standing question? Why not? Why is that not just an element of the offense, which is a traditional tall B six issue that if you you know, when you have a new amendment to the complaint, we assess it under the new complaint because the law is clear. It's the original complaint. You can't amend the complaint to establish standing. No, but why is it a standing question? It's just an element of the offense. Well, that is a 12 B six argument that they don't they haven't alleged the facts to support the elements of the cause of action. Well, that's the whole point that they've alleged the facts that happened, which you say happened after the filing of the initial complaint. And if those facts establish injury, I don't just understand why we can't look at that as we look at any any of the facts in in in the 12 B six motion. Well, there's been there's a there's numerous courts that have held that you have to look at the what was planned in the original complaint. You can't cure a standing issue. And in fact, that was what the court specifically held in the I think it was the the Western Watersheds versus creation bring case specifically held. And in fact, I think it actually is a standing argument. In fact, that court specifically held that you cannot retroactively create standing. So they can't amend the complaint to cure the deficiency in the complaint. And the district court cited that authority and also cited the neogenesis thermal life neogenesis case because the district court in that case as well. Another thermalized case dismissed that claim, again, because the allegation was of lost sale. The only lost sale in this case was after the complaint was filed to the court in the district court held that that lost sale does not establish standing. So it actually is a standing argument, not not something that won't be said. No, I get I get I just don't I just what I just don't understand why. Why do we call that injury element standing and all the other elements not standing? It's that case, the Western Watershed and the neogenesis case specifically referred to it as retroactive standing. And so they determined that it wasn't wasn't standing. I have I have exactly the same question that my colleague Judge Bumate has. And you know what that means? You better satisfy us here right now, because you're looking at a panel majority. His question is about proof, not about standing. But the precedent, but the precedent, Your Honor, is that you cannot create retroactive standing. And there's two of the authority. This is a Ninth Circuit decision. The Western Watershed case is a Ninth Circuit decision from 2011, specifically refers to retroactive standing cannot be created. And the two of us are saying, isn't that a matter of proof, not standing? It may also be Judge Cardone's position. I don't know. But you need to answer that question if you want me. Well, I mean, I'm I'm citing from the authority that specifically holds that that that there's you cannot rely on an event that occurred after the filing of a complaint, an initial complaint, an initial complaint to create retroactive statutory standing. So this is statutory standing. The Lanham Act is statutory standing. And they that's what Watershed held, which is a Ninth Circuit decision. It may also be an issue of proof. But before you get to the proof, you have to establish the standing. And they've cited one one instance of a lost sale. And the district court held that they have not other than conclusory allegations of of alleged lost sales. They've demonstrated absolutely no lost sales. On top of that, they have to. So you're you're telling us that the Lanham Act case, if the complaint alleges sufficiently alleges damage that they and they're in court and they go to try the case, they're limited to what they pointed to in their complaint. They can't establish ongoing damages. Yes, they can establish ongoing damages, but they have to establish damages that began before the complaint. The original complaint was filed. In this case, the only evidence of alleged damage they've demonstrated or alleged is after the complaint was filed. Secondarily, as to that specific alleged lost sale that occurred after, they don't allege there could be a multitude of reasons why that that manufacturer chose to choose, chose, chose the compound solutions ingredient. It may have absolutely nothing to do with false advertising and maybe because they they chose they didn't like the thermal ingredient. They thought that the compound solutions ingredient was superior, but. They haven't alleged any facts as to that as well. So for a combination of reasons, they haven't alleged a lot of sales, but the traffic school case is distinguishable in one in multiple critical effects. I know I'm running down in time, but Lexmark and traffic school involved a one to one lost sale. In this case. The the appellate has they in fact have alleged facts that undercut their claim of of the one of any lost sales. They don't have anything one to one. There's hundreds of players in this market and they haven't established any lost sales whatsoever. And in fact, what they've established is that that there's a multitude of other reasons. In addition, your honors, the American fitness case that just this court or the Ninth Circuit just ruled on a few months ago is directly on point and appellate. In fact, cited it as a statement of related cases, meaning that the facts and issues are substantially similar. In that case, the court of the Court of Appeal, this court, the Ninth Circuit, in fact, affirmed the district court's decision for very similar reasons. Appellate was alleging lost sales for the exact same sales that it's alleging in this case. And both the district court in this case and the Ninth Circuit and American Fitness held that there's multitude of alternative explanations for those last sales. And they can't blame compound solutions for the same lost sales. They're blaming American Fitness for it. They cited that as a statement of related case. And now they're trying to walk away from it. But it's directly on point. I know. If you want to wrap up your over a minute over. Yeah, I'll just simply wrap up and saying that traffic school, the presumption of injury doesn't apply because the facts are substantially distinguishable. Second, not only do you have to have a presumptive direct competition, but you have to have deception. You have to have consumer survey evidence like they had in traffic school. You don't have that in this case. Thank you, counsel. Thank you. Mr. Cardozo. Thank you, Your Honor. Just four quick points. First of all, both of you are absolutely correct. The the allegation just relates to proof not standing. Recall that the district court found Article 3 standing in this case. They leave to amend and then this allegation was added. Recall also that the standard for granting leave to amend if there's any reasonable probability that you can state facts to state a claim. That necessarily means that whatever is in the amended complaint counts, not whether it was in the original complaint. So that that whole argument is just a misstatement of the law kind of snow job to get over an allegation in paragraph 124 that unambiguously establishes a right to reversal. But I can make it easy for you because there's not only the allegation in paragraph 124. Take a look at the allegation in paragraph 113. That's a completely different customer that says the reason why we're using the compound solutions product is because our customers prefer VASO6 to nitrates. Remember, nitrates is equal to preventive dismissal. The misstatement of traffic school is just astonishing. The court clearly says you only need two things, direct competition and likelihood of mislead, which we have here. And the argument doesn't even make sense because it said in addition to that to get the presumption of injury, you have to have evidence of lost sales. Well, if you have evidence of lost sales, you don't need a presumption of injury. And oh, by the way, as we established in the opening argument, you actually have in this case, the specific allegations of lost sales, you don't even need the presumption of injury. But the misstatement of the presumption is just that a misstatement. The American fitness case was not a direct competition case. That case was all about how you apply Lexmark. This is the easy case. It's a direct competition case, flat out erroneous decision. Final point on the false marking. The statement was made is that it's a matter of law. There's no presumption of injury. That's simply not true. The district courts have split on this question. But I'll just point to the two reasons why the district courts that conclude that the traffic school presumption applies also to false marking make far more sense. First of all, those courts point out the similarities between the two statutes and then how they're really addressing the same area and that there's no reason to draw a distinction. The courts that say that there's a no presumption of injury, the analysis is entirely conclusory. They don't tell you why these two very similar statutes wouldn't be controlled by the same standard. The second thing is... You're well over time, also. Okay, but I'll just finish with this one. You have before you a case of what's alleged to be very egregious false advertising. And ask yourself this question because it'll tell you right away that their position simply can't be sustained. If ThermoLife, the party that's most likely to be injured in this market, can't sue, who can? This statute is a nullity if this is not sufficient just to bring the pleading. We ask your honor to reverse command. Thank you both. This case will be submitted.
judges: Hawkins, Cardone, Bumatay